IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>    v.<br><br>BROCK AUTO PARTS AND SALES CO., INC.,<br><br>    Respondent. | Case No. 4:18-MC-497-RLW |

## UNITED STATES' RESPONSE AND MEMORANDUM OPPOSING MOTION TO DISMISS

### Introduction

On July 12, 2018, the United States filed a petition seeking to enforce an Internal Revenue Service administrative summons for the purchase records of Brock Auto Parts and Sales Co., Inc. ("Brock Auto"), an S-corporation. (Docket No. 1).  The IRS is conducting an examination of Brock Auto's 2015 income tax return and requires its purchase records to correctly determine Brock Auto's income or loss for the year.[1]  (Pet., ¶ 4, Ex. 1 - Decl. of Revenue Agent Duvall, ¶¶ 1, 2, and 9).  Brock Auto omitted items on its 2015 income tax return that are essential to accurately determining Brock Auto's income or loss, including its purchases, costs of goods sold, and gross profit.  (Pet. ¶ 4, Ex. 1, ¶ 6 & Ex. 2 – Brock Auto 2015 Form 1120S).

---

[1] Because Brock Auto is a "flow-through" entity, the IRS also is conducting an examination of the 2015 income tax return of Brock Auto's sole shareholder. (Pet., ¶ 4, Ex. 1, ¶ 6, Ex. 2). *See* 26 U.S.C. §§ 1361-1379.

The summons seeking Brock Auto's purchase records was addressed to "Roger S. Brockman, President, Brock Auto Parts & Sales Co Inc," the sole shareholder of Brock Auto, to produce corporate records held in a representative capacity. (Pet., Ex. 3 - Summons).  Mr. Brockman, as president and sole shareholder of Brock Auto, refused to appear and produce the documents sought by the IRS in compliance with the summons.

On July 30, 2018, Brock Auto moved to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the petition was incorrectly filed against Brock Auto, not Mr. Brockman. (Docket No. 6).  For the reasons set forth below, the Court should deny the motion.

## Statement of Facts

As fully set forth in the Petition, the summons at issue required Mr. Brockman, as President of Brock Auto, to appear before Revenue Agent Taryn Duvall and produce corporate documents to aid the IRS in its examination of Brock Auto's 2015 income tax return. (Pet., ¶ 4, Ex. 1, ¶ 2).  On October 18, 2017, Revenue Agent Duvall served the summons upon Mr. Brockman, as President of Brock Auto.  The summons clearly stated it was "In the matter of Brock Auto Parts & Sales Co Inc," and required the corporate president to appear before Revenue Agent Duvall and bring "books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown." (Pet., Ex. 3 at 1).  The summons specifically requests purchase records typically kept by corporations like Brock Auto: "All records of purchases, including but not limited to, purchase invoices, receipts, tickets, for purchases recorded on the Brock Auto Parts & Sales Co Inc general ledger in the following accounts: 401 Purchases, parts, 402 Purchases, ferrous scrap, 403 Purchases, non-ferrous scrap, and 404

2

Purchases, autos." (Pet., Ex. 1, ¶ 2; Ex. 3 at 1). The summons did not request Mr. Brockman's personal records. *Id.* The summons was served upon Mr. Brockman in a representative capacity because, as president and sole shareholder of Brock Auto, he is in possession and control of the purchase records sought. (Pet., ¶ 5; Ex. 1, ¶ 3).

Neither Mr. Brockman nor another representative of Brock Auto appeared before Revenue Agent Duvall as required. (Pet. ¶ 7, Ex. 1, ¶ 4 and 6, Ex. 2). Rather, as described in her declaration, Revenue Agent Duvall received a letter from Brock Auto's counsel stating Mr. Brockman's refusal to appear and produce the requested documents based upon an assertion of the Fifth Amendment right to avoid self-incrimination and a claim that the examination was not for legitimate purposes. (Pet., ¶ 7, Ex. 1, ¶ 4). After the IRS sent a "last chance" letter and Brock Auto still refused to comply with the summons, the United States filed this action. (Pet. ¶ 8, Ex. 4 – "Last chance" letter). Brock Auto contends the petition should have been filed against Mr. Brockman, individually, because he was the party summonsed. Brock Auto is incorrect.[2]

**Argument**

**I. The Summons Seeks Corporate Documents**

Revenue Agent Duvall is conducting an examination of Brock Auto's 2015 Form 1120S to determine its correct business income or loss for that tax year. (Pet., Ex. 1, ¶ 1). On its Form 1120S, Brock Auto claimed a Fifth Amendment privilege for the following items: cost of goods sold (including amount of purchases during the tax year); gross profit; total income (loss);

---

[2] Brock Auto's motion does not address the merits of the Fifth Amendment claim. But it is well-settled that, although an individual may claim a Fifth Amendment privilege against self-incrimination, a corporation has no Fifth Amendment privilege against self-incrimination, and a corporate custodian may not resist production of corporate records on Fifth Amendment grounds. *Braswell v. United States*, 487 U.S. 99, 102-09 (1988); *In re Grand Jury Empaneled on May 9, 2014*, 786 F.3d 255, 258-63 (3d Cir. 2015) (collecting cases).

3

salaries and wages; total deductions; and the name, contact information, PTIN and EIN of the preparer of Brock Auto's 2015 Form 1120S. (Pet., Ex. 2 at 1 and 6).  These omissions prevent the IRS from properly calculating and verifying Brock Auto's income tax liability for 2015.

Contrary to Brock Auto's assertion, the summons is directed to Brock Auto for production of corporate records.  It is entitled "In the matter of Brock Auto Parts & Sales Co Inc," and lists the corporation's business address. (Pet., Ex. 1, ¶ 3, Ex. 3 at 1).  The Internal Revenue Manual[3] explains the significance of the entity listed in this section of a summons: "[t]he first line of a summons begins with the words "In the matter of". This line is the statement of liability which is designed to identify *the taxpayer being examined or investigated*." IRM 25.5.2.2 (emphasis added).  It seeks corporate records, and is addressed to and was served on the highest corporate officer. (Pet., Ex. 1, ¶ 3, Ex. 3 at 1).

The summons properly identifies the taxpayer "being examined or investigated" as Brock Auto and not Mr. Brockman personally.  The summons specifies the type of corporate purchase records sought.  The title of the summons itself and the manner in which it is addressed to Mr. Brockman in his corporate capacity demonstrate that the summons was issued to the corporation, as part of the IRS's examination of the corporation, for corporate records.

**II.     The Summons Was Addressed to Mr. Brockman in His Representative Capacity**

The summons at issue was directed to "Roger S. Brockman, President, Brock Auto Parts & Sales Co Inc." (Pet., Ex. 3 at 1).  Using Mr. Brockman's corporate title indicates that the summons was served on him in his capacity as an officer of Brock Auto, not in some personal

---

[3] The Internal Revenue Manual does not have the force and effect of law but serves as a general guide for tax collectors and contains language relevant to the issuing of the summons in this case. *See Certified Enters, Inc. et al. v. United States*, 2017 WL 6371788 at *3 (E.D. Mo. 2017); *see also Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (*citing Valen Mfg. Co. v. United States*, 90 F.3d 1190, 1194 (6th Cir. 1996)).

capacity.  There is no legal requirement that a summons for corporate records be addressed to "Brock Auto Parts & Sales Co Inc c/o Roger S. Brockman, President" to distinguish it from a summons to an individual.

The Eighth Circuit found that two "high ranking corporate officers" were required to produce corporate documents in response to a grand jury subpoena, despite the fact that the "subpoenas in this case [were] directed to them personally and call for corporate documents in their personal possession." *In re Grand Jury Witnesses*, 92 F.3d 710, 713 (8th Cir. 1996).  The appellate court found the distinction between a subpoena directed to the corporate officer personally as opposed to the entity to be "a distinction without a difference." *Id.* (citing *Bellis v. United States,* 417 U.S. 85, 86 (1974) (subpoena addressed to individual partner demanding all partnership records in his possession); *Braswell v. United States*, 487 U.S. at 108-09 (subpoena issued to president and sole shareholder of corporation demanding corporate books and records)).  Rather, "[t]he issue is whether the subpoena requires the person to produce corporate records held in a representative capacity." *Id.*

The corporate nature of the documents requested, not how or to whom the request is addressed, is what is dispositive.  As the Eighth Circuit explained, if the request seeks corporate documents held by a corporate custodian, as in this case, then the custodian must produce the documents regardless of whether the request is addressed to the corporation or to the individual (and regardless of whether the individual is asked to produce them individually or "in a representative capacity").[4]  Therefore, because the summons at issue is a summons directed to

---

[4] The Eighth Circuit explained: "The issue is whether the subpoena requires the person to produce corporate records held in a representative capacity. … It is irrelevant that the Witnesses are not the corporation's designated document custodians." *In re Grand Jury Witnesses*, 92 F.3d at 713; *see also, e.g. United States v. Wujkowski*, 929 F.2d 981 (4th Cir. 1991) (enforcing (continued...)

5

the corporation, requiring Mr. Brockman, the corporation's president and sole shareholder, to produce corporate documents, its enforcement properly is directed against the corporation.

### III. The Summons Was Properly Served on Mr. Brockman

Pursuant to 26 U.S.C. § 7603(a), "A summons…shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode…"  On October 25, 2017, Revenue Agent Duvall served the summons at issue in this matter upon Brock Auto's president and sole shareholder, Mr. Brockman, by leaving it at his last and usual place of abode. (Pet., Ex. 1, ¶ 3).  This manner of service is consistent with the requirements of 26 U.S.C. § 7603(a).  Contrary to Brock Auto's assertion, there is nothing improper with serving the sole shareholder of a corporation in his representative capacity at his personal residence.  In fact, a district court rejected a corporate president's argument that she had not been properly served because the summons, concerning the IRS' investigation of the corporation for which she was similarly president and sole shareholder, was left at her "last and usual place of abode" and not served on her at the corporate address. *United States v. Rose*, 437 F.Supp.2d 1166, 1174 (S.D. Cal. 2006).  Here, Revenue Agent Duvall, like the revenue agent in *Rose*, properly served the summons upon Mr. Brockman, Brock Auto's president and sole shareholder, in his capacity as a representative of Brock Auto, by leaving it at Mr. Brockman's "last and usual place of abode." (Pet., ¶ 6, Ex. 1, ¶ 3).  Thus, the assertion that the summons was not issued to or served on Brock Auto is without merit.

---

(… continued)
subpoenas issued to individuals under the collective entity rule, even though individuals were not listed in a representative capacity); *United States v. O'Shea*, 662 F.Supp.2d 535 (S.D. W. Va. 2009) (summarizing and analyzing relevant authorities).

**Conclusion**

In sum, the summons at issue seeks Brock Auto's corporate records from Mr. Brockman, the corporation's president and sole shareholder, the person with possession, custody, and control over the corporate records sought. The summons was correctly addressed to Mr. Brockman in his representative capacity, and Revenue Agent Duvall properly served the summons upon Mr. Brockman pursuant to 26 U.S.C. § 7603(a). For the reasons set forth above, the Court should deny Brock Auto's motion to dismiss.

Dated:  August 24, 2018                     Respectfully submitted,

                                                    JEFFREY B. JENSEN
Acting United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/Julian T. A. Lee*
JULIAN T. A. LEE
NY Bar Number: 4523684
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
202-307-6140 (o)
202-514-6770 (f)
Julian.Lee@usdoj.gov
*Attorney for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2018, I electronically filed the foregoing UNITED STATES' RESPONSE AND MEMORANDUM OPPOSING MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will notify the following registered participants:

Sara G. Neill
Gary R. Sarachan
CAPES SOKOL
7701 Forsyth Boulevard
12th Floor
St. Louis, MO 63105
314-721-7701
Fax: 314-721-0554
Email: neill@capessokol.com
*Attorneys for Respondent*

Justin K. Gelfand
MARGULIS GELFAND, LLC
8000 Maryland Avenue
Suite 420
St. Louis, MO 63105
314-390-0230
Fax: 314-485-2264
Email: justin@margulisgelfand.com
*Attorney for Respondent*

></br>

*/s/ Julian T. A. Lee*
JULIAN T. A. LEE
Trial Attorney
United States Department of Justice, Tax Division